A. Wright, Special J.,
delivered the opinion of the Court.
This is an action of debt, in the Circuit Court of Henry county, on a promissory note for $200, alleged to have been made by the defendant, Bumpass, to John Timms. The note is copied into the record as a part of the bill of exceptions — bears date the 16th of December, 1841, and is due six months after date; and there is nothing apparent in the note itself, showing any alteration, interlineation or erasure. The writ was issued the 25th of August, 1847. The pleas are the statute of limitations, nil debit, and a special plea of non est factum, in which the defendant, not denying the execution of the note, avers that, after its execution and delivery to the plaintiff its date was altered without the defendant’s consent, from the year 1840 to the year 1841. The jury sworn to try the issues joined on the pleas, found the same in favor of the plaintiff, and after a motion for a new trial, there was judgment on the verdict and a writ of error to this Court.
. It appears from the bill of exceptions in the cause, that the only evidence placed before the jury was the note and the deposition of John Timms, the nominal *461 plaintiff. It does not appear at whose instance the deposition was taken or read, and there was no objection to its being read. There is no evidence showing any alteration in the date of the note, and all that this witness proves, is, that he was in possession of it in 1840, and that G. H. Long afterwards won it of him. On the trial of the cause, the defendant’s counsel asked the Circuit Judge to charge the jury that if they found the note sued on was executed and delivered in 1840, though dated in 1841, that it would become due six months from its execution and delivery, and not six months from its date. This instruction the Circuit Judge refused. He was also asked by defendant’s counsel to order the Clerk of the Court in making i out the transcript of the record in this cause, for this Court, to send up with the transcript the original n'ote; and this the Circuit Judge refused also.
It is now assigned for error, that under the plea of non est factum, the execution of the note is not proved. To this we answer: It is read without objection, and must be taken to have been proved, or that proof as to the matter was waived. Besides, under a special plea of non est factum, like this, the burthen of proof is upon the defendant. The plaintiff under such a plea, has nothing to do but read the note, and the special matter in avoidance of it must be proved by the defendant.
As to the charge of the Circuit Judge, it is free of error* If this note were in truth executed in 1840, and post-dated in 1841, though it would be deemed to have a legal effect from the time of its issue, yet the date would be held to fix the period from which the *462 time for its payment or maturity might be calculated. Story on Promissory Notes, § 48.
And as to the refusal to order the original note to be sent up with the record, if such a practice, could be demanded in any case, yet we can see no possible use for it in this, since there is nothing to show the plaintiff in error could have derived any benefit from, it, or that any information could have been communicated to this Court not already shown by the copy.
Affirm the judgment.